## ELIZABETH M. ARNOLD *vs.* ANDREW A. ANGELL.

The " Act respecting Guardians," does not authorize the creditor to declare against the guardian upon the debts of the ward.

Whether service of the writ upon the guardian is service upon the ward— quære ?

THE writ in this case was served upon Andrew A. Angell, as guardian of Benjamin Knight. The declaration was in assumpsit against Andrew A. Angell, guardian of the person and estate of Benjamin Knight, and after alleging in the general *indebitatus assumpsit* counts, the indebtedness of Knight to the plaintiff, for claims upon book-account, for work and labor done and services rendered and money had and received, and that the said Knight promised to pay the plaintiff on request, it proceeded : " And afterwards, to wit, on the 26th day of November, A. D. 1848, by the consideration of the Court of Probate of the said town of Scituate, the said Benjamin Knight was placed under the guardianship of the said defendant as a person who, for want of discretion in managing his estate, was likely to bring himself and family to want, and thereby to render himself chargeable to said town of Scituate ; whereby the defendant became liable in his said capacity, and, in consideration thereof, then and there promised the plaintiff to pay to her the several sums above set forth in the several counts of this the plaintiff's declaration. And the plaintiff avers that on the tenth day of January, A. D. 1849, at said Scituate, she demanded of the said. defendant payment of the

several sums aforesaid, and he then and there wholly rejected said demand or claim and refused to pay the same or any part thereof." The defendant pleaded the general issue.

Upon trial, evidence was offered of work and services performed by the plaintiff for Knight, but it was objected, that the declaration being against Angell and upon his promises, proof of services to Knight was not admissible.

Cozzens, for the plaintiff.

Ames and Potter, for the defendant.

Cozzens *for the plaintiff*, cited the " Act respecting Guardians," Pub. Laws page 275, Sec. 14. " No action shall be sustained against any guardian within twelve months after his appointment and notice thereof, unless the claim exhibited is wholly or in part rejected by the guardian ; in which case the creditor may bring his suit forthwith, and shall be entitled to the whole or a dividend, if the estate should prove insolvent, upon such sums as he may recover in such suit." He said, without that statute the regular course would be to declare against the ward, and for the ward to come into court and defend by his guardian. But the statute has changed the common law method by binding the regularly appointed guardian to pay the claims of his ward, and, upon his refusal, by subjecting him to the suits thereon. The declaration alleges the indebtedness of Knight, which we propose to prove, and concludes with the implication, raised by the law itself, that Angell by accepting the appointment as guardian, became liable for and undertook to pay the debts of the ward. If we recover, the execution runs against the assets of the ward in the hands of the guardian. It does not touch the guardian personally.

Elizabeth M. Arnold *vs.* Andrew A. Angell.

AMES *for the defendant.* If the General Assembly had contemplated a change in the common law proceedings, they would have employed language more precise and explicit. We speak familiarly of suits against guardians, because, although the declaration complains of the ward, yet the guardian comes into court and defends; and it is in this sense that the statute speaks. This is not analogous to a suit against an administrator, because the intestate, being dead, cannot be sued. And what will be the consequence of such suits? Are the guardian's person and estate subject to the judgment? The phrase "as guardian," is no protection, because that may be mere *descriptio personæ.* In the old way he is safe under the ægis of the common law.

*Per curiam.* In regard to the service of the writ, whether under the statute service upon the guardian is not good service upon the ward, we shall not decide. But allowing the service to be good, yet the declaration should be against the ward. He is the party to whom the services were rendered; he made the promises and he should be the party sued. We do not think the statute intends to subject the guardian to judgment upon the debts of his ward.

The plaintiff has leave to amend.